# UNITED STATES DISTRICT COURT
## for the
## Western District of Kentucky
## Louisville Division

| | | |
|---|---|---|
| Halid Ibrahimovic<br> *Plaintiff*<br><br>v.<br><br>Diversified Consultants, Inc.<br> *Defendant*<br>Serve:<br>  Incorp Services, Inc.<br>  828 Lane Allen Road, Suite 219<br>  Lexington, KY 40504<br><br>Equifax Information Services, LLC<br> *Defendant*<br>Serve:<br>  Corporation Service Company<br>  421 West Main Street<br>  Frankfort, KY 40601<br><br>GLA Collection Co., Inc.<br> *Defendant*<br>Serve:<br>  Michael L. Lynch<br>  2630 Gleeson Lane<br>  Louisville, KY 40299<br><br>I.Q. Data International, Inc.<br> *Defendant*<br>Serve:<br>  Corporation Service Company<br>  421 West Main Street<br>  Frankfort, KY 40601 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:19-cv-188-CRS |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

  1. This is a complaint for Defendants' separate violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; the FDCPA 15 U.S.C. §1692k(d); and the FCRA, 15 U.S.C. 1681p. Venue is proper because the nucleus of relevant facts and events that affected and/or damaged Plaintiff occurred within Jefferson County, Kentucky which is located within this District.

## PARTIES

3. Plaintiff Halid Ibrahimovic is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3), and within the meaning of the FCRA, as defined as 15 U.S.C. § 1681a(c).

4. Defendant Diversified Consultants, Inc. ("Diversified") is a Florida corporation, with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, FL 32256 registered with the Kentucky Secretary of State and engaged in the business of purchasing debt from creditors and collecting them from citizens of this commonwealth, and/or collecting debts on behalf of other creditors and debt collectors.

5. Diversified is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky as part of its business operations using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Diversified is also a "furnisher of information" within the meaning of the FCRA.

6. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

7. Defendant GLA Collection Co., Inc. ("GLA") is a Kentucky corporation whose principal place of business is located at 2630 Gleeson Lane, Louisville, KY 40299 registered to do business with the Kentucky Secretary of State and engaged in the business of collecting debts directly or indirectly from Kentucky citizens and consumers on behalf of creditors.

8. GLA is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky as part of its business operations using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. GLA is also a "furnisher of information" within the meaning of the FCRA.

9. Defendant I.Q. Data International, Inc. ("IQ Data") is a Washington corporation whose principal place of business is located at 21222 30th Drive SE, Suite 120, Bothell, WA 98021. IQ Data is registered to do business with the Kentucky Secretary of State and is engaged in the business of collecting debts directly or indirectly from Kentucky citizens and consumers on behalf of creditors.

10. IQ Data is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky as part of its business operations using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. IQ Data is also a "furnisher of information" within the meaning of the FCRA.

## STATEMENT OF FACTS

11. Like many of his fellow Americans, Plaintiff Halid Ibrahimovic ("Ibrahimovic") was negatively impacted by the Great Recession that began in 2008.

12. As a result of his financial difficulties Mr. Ibrahimovic filed for personal bankruptcy under Chapter 7 of the federal bankruptcy laws in the U.S. Bankruptcy Court for the Western District of Kentucky on September 27, 2018 under case number 18-32960-jal (the "Ibrahimovic Bankruptcy").

13. The Bankruptcy Court issued a discharge in Mr. Ibrahimovic's case on January 3, 2019 (the "Ibrahimovic Discharge").

14. Mr. Ibrahimovic listed debts to GLA, Valley Farms, and Sprintcom, Inc. on Schedule F of his petition in the Ibrahimovic Bankruptcy. Additionally, Mr. Ibrahimovic listed Defendants GLA Collection Co., Inc. ("GLA") and Diversified Consultants, Inc. ("Diversified") as additional parties to receive notice of the bankruptcy filing in the Ibrahimovic Bankruptcy.

15. Mr. Ibrahimovic is anxious to take advantage of his fresh economic start to begin rebuilding his credit with a goal of buying his own home.

16. As the first step in building his credit back, Mr. Ibrahimovic began regularly monitoring his credit reports.

17. Upon review of his credit report published by Defendant Equifax Information Services, LLC ("Equifax") Mr. Ibrahimovic was disturbed to discover several debts that were included in his bankruptcy still being reported as tradelines with balances due and not reflecting that these were included and discharged in the Ibrahimovic Bankruptcy.

18. A tradeline appeared which was furnished by Exeter Finance with a last reported date of January 31, 2019 in connection with a vehicle loan that was included in his Chapter 7 Petition and which vehicle debt he had not reaffirmed and had surrendered as part of the Bankruptcy.

19. There was also a Bank of Missouri credit card tradeline that failed to note that the underlying debt had been discharged in the Ibrahimovic Bankruptcy.

20. There were also tradelines furnished Defendants Diversified, GLA, and I.Q. Data International, Inc. ("IQ Data") that were discharged in the Ibrahimovic Bankruptcy.

I. **Facts Relating to Diversified Consultants, Inc. and Equifax Information Services, LLC**

21. Mr. Ibrahimovic's Equifax credit report dated February 10, 2019 included a tradeline furnished by Defendant Diversified Consultants, Inc. ("Diversified") (the "Diversified Tradeline").

22. The Diversified Tradeline noted that the Sprint was the original creditor of the debt at issue and that the debt had balance due of $1,706.

23. The Diversified Tradeline also had an open date of June 23, 2018 and a last-reported date of August 22, 2018.

24. The Sprint debt was incurred for personal, family, or household purposes, which makes the Sprint debt a "debt" within the meaning of the FDCPA.

25. Diversified furnished negative credit information about Mr. Ibrahimovic and the Sprint debt for purposes of collecting a "debt" from Mr. Ibrahimovic within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

26. On or about March 8, 2015, the three major CRA's, including Equifax, entered into settlement agreement with New York Attorney General ("Settlement Agreement").

27. As part of the CRAs' duties of maximum possible accuracy, the Settlement Agreement required the CRA's to delete debts furnished by Collection Furnishers[1] like Diversified

---

[1] "'Collection Furnishers' shall mean collection agencies or debt purchasers that furnish data to

that have not updated within six (6) months:

> The CRAs shall require Collection Furnishers to regularly reconcile data relating to accounts in collection that have not been paid in full. This regular reconciliation will be accomplished, in part, by periodic removal or suppression of all collection accounts that have not been updated by the Collection Furnisher within the last six months. In addition, the CRAs shall revise training materials and instruct new and existing Collection Furnishers on accurately reporting and deleting accounts that are sold, transferred, or no longer managed by the reporting entity.

http://www.ag.ny.gov/pdfs/CRA%20Agreement%20Fully%20Executed%203.8.15.pdf at 12 (last visited March 5, 2019).

28. In addition to reporting that the Sprint debt had been discharged in the Ibrahimovic Bankruptcy, Equifax should have deleted the Diversified Tradeline.

29. Diversified, which had actual notice of Mr. Ibrahimovic's bankruptcy case, should have deleted the tradeline after he received the Ibrahimovic Discharge.

30. Diversified violated the FDCPA by allowing the Diversified Tradeline to remain on Mr. Ibrahimovic's Equifax credit report after the debt at the basis of the Ibrahimovic Tradeline was discharged in the Ibrahimovic Bankruptcy.

## II. Facts Relating to GLA Collection Co., Inc. and Equifax Information Services, LLC

31. Mr. Ibrahimovic's Equifax credit report dated February 10, 2019 included three tradelines furnished by Defendant GLA Collection Co., Inc. ("GLA") in connection with three medical debts, all of which were discharged in the Ibrahimovic Bankruptcy (the "GLA Tradelines").

32. The three medical debts at issue in the GLA tradelines were incurred for personal, family, or household purposes, which makes each of the three GLA medial debts a "debt" within the meaning of the FDCPA.

33. GLA furnished negative credit information about Mr. Ibrahimovic and the three medical debts for purposes of collecting a "debt" from Mr. Ibrahimovic within the meaning of the FDCPA. *Sullivan, supra.*

---

any of the CRAs." Settlement Agreement at 9.

34. The first GLA Tradeline had an open date of July 26, 2018, a last-reported date of January 15, 2019, and a balance due of $146.

35. The second GLA Tradeline had an open date of October 11, 2017, a last-reported date of January 15, 2019, and a balance due of $225.

36. The third GLA Tradeline had an open date of August 31, 2017, a last-reported date of September 17, 2018, and a balance due of $101.

37. GLA violated the FDCPA by attempting to collect medical debts from Mr. Ibrahimovic that were discharged in the Ibrahimovic Bankruptcy and by furnishing false and negative credit information about Mr. Ibrahimovic to Equifax.

### III. Facts Relating to I.Q. Data International, Inc. and Equifax Information Services, LLC

38. Mr. Ibrahimovic's Equifax credit report dated February 10, 2019 included a tradeline furnished by Defendant I.Q. Data International, Inc. ("IQ Data") (the "IQ Data Tradeline").

39. The IQ Data Tradeline noted that Valley Farms North KY ("Valley Farms") was the original creditor of the debt at issue.

40. The IQ Data Tradeline also had an open date of December 30, 2017, a last-reported date of January 12, 2019, and a balance due of $1,879.

41. The Valley Farms debt was incurred for personal, family, or household purposes, which makes the Valley Farms debt a "debt" within the meaning of the FDCPA. *Sullivan, supra.*

42. IQ Data furnished negative credit information about Mr. Ibrahimovic and the Valley Farms debt for purposes of collecting a "debt" from Mr. Ibrahimovic within the meaning of the FDCPA.

43. IQ Data violated the FDCPA by attempting to collect the Valley Farms debt from Mr. Ibrahimovic that was discharged in the Ibrahimovic Bankruptcy and by furnishing false and negative credit information about Mr. Ibrahimovic to Equifax.

## CLAIMS FOR RELIEF

**I.    Claims against Diversified Consultants, Inc.**

44.    The above acts and omissions by Defendant Diversified Consultants, Inc. ("Diversified") constitute violations of the FDCPA, including violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; and one or more subsections of each statute.

45.    Because of Diversified's violations of the FDCPA, Mr. Ibrahimovic has been denied credit and caused mental upset and frustration at the inability to begin his fresh economic start.

**II.    Claims against GLA Collection Co., Inc.**

46.    The above acts and omissions by Defendant GLA Collection Co., Inc. ("GLA") constitute violations of the FDCPA, including violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; and one or more subsections of each statute.

47.    Because of GLA's violations of the FDCPA, Mr. Ibrahimovic has been denied credit and caused mental upset and frustration at the inability to begin his fresh economic start.

**III.    Claims against I.Q. Data International, Inc.**

48.    The above acts and omissions by Defendant I.Q. Data International, Inc. ("IQ Data") constitute violations of the FDCPA, including violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; and one or more subsections of each statute.

49.    Because of IQ Data's violations of the FDCPA, Mr. Ibrahimovic has been denied credit and caused mental upset and frustration at the inability to begin his fresh economic start.

**IV.    Claims against Equifax Information Services, LLC**

50.    Defendant Equifax Information Services, LLC ("Equifax") violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. Ibrahimovic and debts discharged in the Ibrahimovic Bankruptcy that Equifax falsely and inaccurately published to its users and subscribers. In particular, Equifax continued to falsely and inaccurately report that tradelines furnished by Exeter Finance, the Bank of Missouri, and Defendants Diversified, GLA, and IQ Data that failed to note that each of the tradelines had been discharged in the Ibrahimovic Bankruptcy.

51. As a result of Equifax's failure to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning the Exeter Finance, the Bank of Missouri, and Defendants Diversified, GLA, and IQ Data Tradelines that Equifax published to its users and subscribers, Mr. Ibrahimovic suffered actual damages in the form of a lowered credit score and denial of credit. He also suffered frustration, irritation, and emotional upset and distress.

52. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for Plaintiff's actual damages, statutory damages, punitive damages, attorney's fees and costs.

53. Alternatively, Equifax's conduct, actions and inactions were negligent rendering Equifax liable under 15 U.S.C. § 1681o for Plaintiff's actual damages, attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Halid Ibrahimovic requests the Court grant him the following relief:

1. Award Plaintiff maximum statutory damages against each Defendant pursuant to the FDCPA, 15 U.S.C. §1692k, or the FCRA, 15 U.S.C. §1681n;

2. Award Plaintiff his actual damages against Diversified, GLA, and IQ Data pursuant to the FDCPA, 15 U.S.C. §1692k;

3. Award Plaintiff his actual damages against Equifax pursuant to the FCRA, 15 U.S.C. §1681n or §1681o;

4. Award Plaintiff punitive damages against Equifax pursuant to the FCRA, 15 U.S.C. §1681n;

5. Award Plaintiff his reasonable attorney's fees and costs;

6. A trial by jury; and

7. Such other relief as the Court may deem just and proper.

          Respectfully submitted,

          /s/ James R. McKenzie
          **James R. McKenzie**
          *James R. McKenzie Attorney, PLLC*
          115 S. Sherrin Avenue, Suite 5
          Louisville, KY 40207
          Tel:   (502) 371-2179
          Fax:   (502) 257-7309
          jmckenzie@jmckenzielaw.com

          James H. Lawson
          *Lawson at Law, PLLC*
          115 S. Sherrin Avenue, Suite 5
          Louisville, KY 40207
          Tel:   (502) 473-6525
          Fax:   (502) 473-6561
          james@kyconsumerlaw.com